# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL PEREZ,<br><br>        Plaintiff,<br><br>  v.<br><br>LISA A. SMITTCAMP, Acting Fresno County District Attorney, and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No. 1:15-cv-432-BAM<br><br>SCREENING ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br>(Doc. 1)<br><br>ORDER DENYING PLAINTIFF'S OBJECTION<br>(Doc. 12)<br><br>**THIRTY-DAY DEADLINE** |

## INTRODUCTION

Plaintiff Manuel Perez ("Plaintiff"), proceeding pro se and in forma pauperis, filed the instant civil rights complaint alleging violations pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on March 12, 2015, is currently before the Court for screening. Plaintiff has consented to the jurisdiction of a United States Magistrate Judge.

    A.    **Screening Requirement**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must dismiss a case if at any time the Court determines that the complaint fails to state a claim upon which relief may be granted.[1] In

---

[1] In a separate motion, Plaintiff objects to the court's use of 28 U.S.C. § 1915A(a) to grant his IFP application and screen his complaint because Plaintiff is not a prisoner. (Doc. 12). Contrary to Plaintiff's assertion, the Court granted Plaintiff's IFP application pursuant to 28 U.S.C. § 1915(a). Further, Plaintiff's complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2), which states "notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or seeks

determining whether a complaint fails to state a claim, the Court applies the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678.

**B.      Plaintiff's Allegations**

Plaintiff's Complaint, touching on a diverse variety of alleged wrongs, alleges eight counts against District Attorney Lisa A. Smittcamp, the Fresno County District Attorney's Office, and multiple doe defendants. While unclear, Plaintiff's complaint appears to challenge his initial arrest for forgery, his resulting incarceration, and his appellate court proceedings.

Plaintiff alleges that on August 9, 1982, the Fresno County District Attorney's Office, "the judge signing [the] warrant," and the Fresno County Sheriff's Department willfully conspired for his arrest by falsifying a warrant under the charge of forgery (California Penal Code § 470) without probable cause. Compl. ¶ 7. On August 20, 1982, Sheriff's Deputies executed the warrant for the contended false charge, arrested, and incarcerated Plaintiff. Compl. ¶ 8. Plaintiff alleges he was incarcerated for sixty days on the false charge of forgery and was not tried for this offense, but instead was tried and convicted for failure to provide pursuant to

---

monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Plaintiff's objection is overruled and denied. (Doc. 12).

California Penal Code § 270. Compl. ¶ 10.

Plaintiff further alleges that as a result of his conviction the Fresno County District Attorney's Office placed his name on the "State's Certified List" in 1994, which denied him the ability to renew his United States Passport, his California contractor's license, and his California commercial driving license. Compl. ¶ 11. Plaintiff contends that the Department of Child Support Services California Disbursement Unit notified him on November 4, 2014, that he was in "compliance" with his child support court order. Compl. ¶ 12. Plaintiff asserts that on November 9, 2014, the Department of Motor Vehicles denied his application for a commercial driving license because Defendant Smittcamp had not removed him name from the "Certified List." Compl. ¶ 13. Plaintiff made several attempts to reactivate his commercial driving license in December 2014, but gave up on January 2, 2015. Compl. ¶ 13. Plaintiff contends that on December 8, 2014, he submitted the issue of his compliance with child support, the non-removal of his name from the "Certified List" and his inability to obtain a commercial driving license, a California contractor's license or a passport renewal in a pending appellate court case. Plaintiff reportedly proceeded against former District Attorney Elizabeth A. Egan in California State Superior Court on related issues and appealed that action to the California Court of Appeals. Compl. ¶¶ 14-19.

Plaintiff now alleges the following civil rights violations: (1) unlawful arrest; (2) violation of due process; (3) violation of liberty; (4) cruel and unusual punishment; (5) freedom of assembly; (6) freedom of expressive association; (7) freedom of intimate association; and (8) freedom of choice and freedom of contract. Compl. ¶¶ 22-41.

Plaintiff requests compensatory and punitive damages. (Doc. 1, p. 12).

### DISCUSSION

As discussed more fully below, Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 8(a) and 18 and fails to state a cognizable claim. Plaintiff will be given leave to amend his complaint. To assist Plaintiff in amending his complaint, the Court provides the following pleading and legal standards that apply to his claims.

///

### A. Federal Rule of Civil Procedure 8

Plaintiff's complaint does not contain a "short and plain statement of the claim showing that he is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). While detailed allegations are not required, a plaintiff must set forth "the grounds of his entitlement to relief [,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted).

Plaintiff's complaint is neither short nor plain. Plaintiff's complaint totals thirteen pages and over 115 pages of exhibits. Plaintiff's complaint does not clearly set forth the factual allegations underlying his claims. Plaintiff fails to describe in his complaint specific actions taken by Defendant Smittcamp and the various unnamed doe defendants that violated his constitutional rights. Many of the allegations are conclusory and not sufficiently detailed as to what each individual defendant did to violate his rights. Labels of violations, such as "Due Process" and "Cruel and Unusual Punishment," do not state the factual basis for the claims and therefore fail to satisfy Rule 8. Plaintiff's complaint must be full and complete in and of itself, and the Court will not refer to other pleadings to piece together potential claims. Plaintiff will be granted leave to amend to cure these deficiencies. In any amended complaint, Plaintiff should set forth facts, not conclusions, as to what each defendant did or did not do that resulted in a violation of Plaintiff's rights.

### B. Federal Rule of Civil Procedure 18

Plaintiff is raising numerous claims based on discrete events against different defendants. Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2);

*Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997); *Desert Empire Bank v. Insurance Co. of North America*, 623 F.3d 1371, 1375 (9th Cir. 1980). Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff may not assert multiple claims against unrelated defendants in this action. Plaintiff appears to allege an overarching conspiracy between various public officials in an effort to arrest Plaintiff and deprive him of his civil rights. However, the alleged unlawful arrest claims are not properly joined with the claims arising from his placement on the "Certified List."

In his first amended complaint, Plaintiff shall choose which claims he wishes to pursue in this action. If Plaintiff does not do so and his amended complaint sets forth unrelated claims which violate joinder rules, the Court will dismiss the claims it finds to be improperly joined. Plaintiff is cautioned that if he fails to make the requisite election regarding which category of claims to pursue and his amended complaint sets forth improperly joined claims, the Court will determine which claims proceed and which will be dismissed. *Visendi v. Bank of America*, N.A., 733 F.3d 863, 870–71 (9th Cir. 2013).

Insofar as Plaintiff references exhibits attached to the complaint as the source of the facts underlying this claim, the court notes that these exhibits number over 115 pages, and Plaintiff is cautioned that it is not the Court's duty to wade through exhibits to determine whether cognizable claims have been stated. Since Plaintiff's complaint is not in compliance with Rule 8(a) or Rule 18, the Court declines to expend its already taxed resources attempting to sort out his claims.

**C.   Linkage**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

5

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Rizzo v. Goode,* 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 678; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *Rizzo*, 423 U.S. at 371. Under section 1983, Plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). There is no respondent superior liability under section 1983, and therefore, each defendant is only liable for his or her own misconduct. *Iqbal*, 556 U.S. at 677. Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

Plaintiff's complaint fails to attribute any wrongful conduct directly to any of the defendants. Plaintiff asserts that he was arrested on a warrant without cause but does not explain who served the warrant and arrested him or was otherwise responsible. Plaintiff repeatedly refers to all defendants collectively and fails to give each defendant notice of the claims against them. Moreover, Plaintiff cannot state a cognizable claim against a defendant without naming the defendant and linking him or her to some affirmative act or omission that demonstrates a

violation of Plaintiff's federal rights. If Plaintiff elects to amend his complaint, Plaintiff must clearly link the actions of each defendant to an alleged deprivation.

### D. Immunity

#### 1. Prosecutorial Immunity

To the extent Plaintiff considers filing an amended claim against Defendant Smittcamp, it is advised that a state prosecutor "enjoys absolute immunity from liability under § 1983 for [her] conduct in 'pursuing a criminal prosecution' insofar as [s]he acts within [her] role as an 'advocate for the State' and [her] actions are 'intimately associated with the judicial phase of the criminal process.'" *Waggy v. Spokane County Washington*, 594 F.3d 707, 710 (9th Cir. 2010) (quoting *Cousins v. Lockyer*, 568 F.3d 1063, 1068 (9th Cir. 2009)); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 912 (9th Cir. 2012) ("Prosecutors performing their official prosecutorial functions are entitled to absolute immunity against constitutional torts."). Therefore, in any criminal prosecution, Defendant Smittcamp would be entitled to prosecutorial immunity.

#### 2. Judicial Immunity

Further, to the extent Plaintiff considers filing an amended claim to name a State court judge as a defendant, it is advised that under 42 U.S.C. § 1983 State court judges also are protected by absolute immunity. *See Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004). "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." *Pierson v. Ray*, 386 U.S. 547, 553–54, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). Judicial immunity "is an immunity from suit, not just from the ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 288, 116 L.Ed.2d 9 (1991); *see also Stump v. Sparkman*, 435 U.S. 349, 356, 98 S.Ct. 1099, 1105, 55 L.Ed.2d 331 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority."). To the extent Plaintiff alleges violations based upon judicial conduct, judges are absolutely immune.

///

///

### E. Appeal of State Court Action

Insofar as Plaintiff seeks to appeal a decision of the Fresno County Superior Court or the Court of Appeals to this Court, he may not do so. Pursuant to the *Rooker–Feldman* doctrine, federal courts lack jurisdiction to review or modify state court judgments. *See Rooker v. Fidelity Trust Company*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). The *Rooker–Feldman* doctrine provides that "lower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments." *Gottfried v. Medical Planning Services*, 142 F.3d 326, 330 (6th Cir.), *cert. denied*, 525 U.S. 1041, 119 S.Ct. 592, 142 L.Ed.2d 534 (1998). A federal court lacks subject matter jurisdiction to review claims "inextricably intertwined" with final state court decisions, even if such "inextricably intertwined" claims were not raised in state court. *See Feldman*, 460 U.S. at 483–487 and n. 16, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Olson Farms, Inc. v. Barbosa*, 134 F.3d 933, 937 (9th Cir.1998); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 901 (9th Cir. 2003) ("Stated plainly, *Rooker–Feldman* bars any suit that seeks to disrupt or 'undo' a prior state-court judgment, regardless of whether the state-court proceeding afforded the federal-court plaintiff a full and fair opportunity to litigate her claims.").

### F. Child Support Enforcement

Plaintiff cannot state a claim against Defendant Smittcamp arising from her alleged failure to remove his name from the child support obligation list in 2014. Beginning in 2000, the responsibility for enforcing child support obligations was vested in the local child support agency, not the district attorney. Cal. Fam. Code § 17400. To challenge the submission of a name on the child support certified list, an individual must make a timely written request to the local child support agency, not the district attorney, for review. Cal. Fam. Code § 17520(h). There is no indication in Plaintiff's complaint that he has pursued the appropriate procedural mechanism to challenge his name on the certified list.

///

///

### G. Statute of Limitations - False Arrest

Plaintiff's claims arising from an alleged false arrest are likely time-barred. The relevant statute of limitations for a 42 U.S.C. § 1983 claims is the forum state's statute of limitations for personal injury actions, which in California is two years. *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999); *see also Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (noting California's two-year statute of limitations for personal injury actions applies to § 1983 claims). The California statute of limitations for personal injury claims is two years. Cal. Civ. Proc., § 335.1. Although California law determines the limitations period, federal law determines when a claim accrues. *Olsen*, 363 F.3d at 926. Under federal law, a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.* (quoting *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999)).

Here, Plaintiff alleges that he was unlawfully arrested on August 9, 1982, in violation of his constitutional rights, and held for sixty days. He subsequently was convicted a year later on different charges. (Compl. ¶¶ 10, 27.) The statute of limitations for a § 1983 claim seeking damages for a false arrest, where the arrest is followed by criminal proceedings, begins to run "at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397, 127 S.Ct. 1091, 1100, 166 L.Ed.2d 973 (2007); *see also Venegas v. Wagner*, 704 F.2d 1144, 1146 (9th Cir. 1983) (noting that claims for false arrest or illegal search and seizure are discrete and complete upon occurrence and are deemed to have accrued when the wrongful act occurs); *accord Davis v. Harvey,* 789 F.2d 1332, 1333 n. 1 (9th Cir. 1986) (reasoning that claims for false arrest accrue on the date of the alleged wrongful arrest). In the present case, Plaintiff's alleged unlawful arrest occurred in 1982. Therefore, his claims for false arrest are barred by the statute of limitations, because he filed this action more than two years later, in 2015.

### H. Wrongful Conviction – Denial of Due Process

Plaintiff appears to complain of the denial of due process in connection with his criminal proceedings, i.e. a wrongful conviction. In order to recover damages in a section 1983 action for an allegedly unconstitutional conviction, the plaintiff must prove that the conviction has been

invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994); *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995).

Here, Plaintiff does not allege that his conviction was invalidated or reversed under the *Heck* standard. Even if *Heck* does not apply, however, Plaintiff's damages action is time-barred, as Plaintiff did not initiate this action until March 2015, more than two years after his conviction in 1983 (Ex. 2 to Compl.). Cal. Civ. Proc., § 335.1.

## **CONCLUSION AND ORDER**

For the reasons set forth above, the Court finds that Plaintiff's complaint violates Federal Rule of Civil Procedure 8(a) and 18 and fails to state any claims upon which relief may be granted. However, the Court will provide Plaintiff with the opportunity to file a first amended complaint to cure the deficiencies identified above. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). In doing so, Plaintiff shall consider the standards set forth in this order and only file an amended complaint if he believes his claim is cognizable.

If Plaintiff chooses to file a First Amended Complaint, the document shall bear the docket number assigned in this case and be labeled "First Amended Complaint." Plaintiff is advised that an amended complaint supersedes the original complaint, *Lacey*, 693 F. 3d 896 (9th Cir. 2012), and it must be complete in itself without reference to the prior or superseded pleading. Local Rule 220. Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed for failure to comply with Federal Rules of Civil Procedure 8 and 18 and failure to state a cognizable claim;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint; and

3. **If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order and for failure to state a claim.**

IT IS SO ORDERED.

Dated:   **August 21, 2015**                  /s/ *Barbara A. McAuliffe*
                                              UNITED STATES MAGISTRATE JUDGE