# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL PEREZ,<br><br>          Plaintiff,<br><br>     v.<br><br>LISA A. SMITTCAMP, Acting Fresno County District Attorney, and DOES 1 through 10, inclusive,<br><br>          Defendants. | Case No. 1:15-cv-432---BAM<br><br>ORDER REGARDING PLAINTIFF'S MOTION FOR RECONSIDERATION REGARDING CHANGE OF VENUE<br><br>(Doc. 14)<br><br>TWENTY-ONE DAY DEADLINE |

Plaintiff Manuel Perez ("Plaintiff") is proceeding pro se and in forma pauperis in this civil rights action. Plaintiff initiated this action on March 12, 2015, in the United States District Court for the Central District of California, Case No. CV 15-01849 JFW (SP). (Doc. 1.) On March 18, 2015, the matter was transferred to this Court based on a determination that venue for Plaintiff's action properly lies in this judicial district pursuant to 28 U.S.C. § 1391(b). (Doc. 7.)

On April 30, 2015, Plaintiff filed an objection challenging the basis for granting in forma pauperis status and screening of his complaint. Plaintiff also objected to the change of venue. (Doc. 12.)

On August 21, 2015, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) and found that it failed to state a cognizable claim for relief. The Court dismissed Plaintiff's complaint with leave to amend within thirty (30) days following service. (Doc. 13.)

In lieu of an amended complaint, on September 28, 2015, Plaintiff filed the instant motion for reconsideration regarding the transfer of Plaintiff's action to this Court. Plaintiff believes that the Central District of California retains jurisdiction over this action or, alternatively, that this action should be consolidated with his case in the Central District of California, CV 15-1849-JFW (SP), i.e., the original action. Plaintiff further contends that his case should properly be venued in Los Angeles. The Court construes Plaintiff's motion as a challenge to venue in this district.

Generally, determination of proper venue in a civil action is governed by 28 U.S.C. § 1391. "When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)." *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*, --- U.S. ---, 134 S.Ct. 568, 577 (2013).

Section 1391(b) provides:

A civil action may brought in—

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to this court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). The first two paragraphs of section 1391(b) define the preferred judicial districts for venue in a typical case. *Atlantic Marine*, 134 S.Ct. at 578.

With respect to the first paragraph of 1391(b), the sole named defendant in this action is the Fresno County District Attorney, who is a resident of Fresno County. *See* Cal. Gov't Code § 24001 (person not eligible to a county or district office unless he or she is a registered voter of the county or district in which the duties of the office are to be exercised). With respect to the

second paragraph of 1391(b), all alleged misconduct by the District Attorney of which Plaintiff complains occurred in Fresno County. Fresno County lies within the Eastern District of California. Accordingly, it is apparent that the Central District court properly determined that venue lies in this district pursuant to 28 U.S.C. § 1391(b).

Plaintiff has not presented this Court with any grounds supporting reconsideration of the order transferring venue to this court. Fed. R. Civ. P. 60(b); *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law); *U.S. v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (party seeking reconsideration must show more than a disagreement with the court's decision). Although Plaintiff reportedly resides in Los Angeles, there does not appear to be any basis for venue in the Central District of California. The Central District has no connection to the alleged acts or omissions underlying this action. "[W]here the forum lacks any significant contact with the activities alleged in the complaint, plaintiff's choice of forum is given considerably less weight, even if the plaintiff is a resident of the forum." *Cohen v. State Farm & Cas. Co.*, No. C1:09-CV-1051 AWI DLB, 2009 WL 2500729, at *3 (E.D. Cal. Aug. 14, 2009) (quoting *Knapp v. Wachovia Corp.*, 2008 WL 2037611 at *2 (N.D. Cal. May 12, 2008). As stated, none of the activities alleged in the complaint occurred in the Central District of California.

Plaintiff now invokes the doctrine of forum non conveniens, claiming that Los Angeles is the appropriate place for this action. (Doc. 14 at 8.) However, the power to transfer an action arises from 28 U.S.C. § 1404(a), not the doctrine of forum non conveniens. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253-54 (1981). Section 1404(a) provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). In this case, the parties have not consented to transfer and venue is not appropriate in the Central District of California. Simply because Plaintiff lives in Los Angeles and allegedly has been unable to obtain a passport,

commercial driver's license or general contractor license in Los Angeles, does not demonstrate that this action is properly venued in that district.  As discussed, none of the alleged actions or omissions by defendant occurred in the Central District of California and the defendant does not reside in that district.

      For these reasons, Plaintiff's motion for reconsideration and transfer is HEREBY DENIED.

      If Plaintiff intends to file an amended complaint consistent with the Court's screening order issued on August 21, 2015, any such complaint must be filed within **twenty-one (21) days** following service of this order.  **If Plaintiff fails to file an amended complaint in compliance with this order and the screening order, this action will be dismissed for failure to obey a court order and for failure to state a claim.**

IT IS SO ORDERED.

    Dated:   **October 1, 2015**               /s/ *Barbara A. McAuliffe*
                                                   UNITED STATES MAGISTRATE JUDGE