# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL PEREZ,<br><br>   Plaintiff,<br><br> v.<br><br>LISA A. SMITTCAMP, Acting Fresno County District Attorney, and DOES 1 through 10, inclusive,<br><br>   Defendants. | Case No. 1:15-cv-432---BAM<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR CLARIFICATION<br><br>(Doc. 17)<br><br>TWENTY-ONE DAY DEADLINE |

### I. Background

Plaintiff Manuel Perez ("Plaintiff") is proceeding pro se and in forma pauperis in this civil rights action. Plaintiff initiated this action on March 12, 2015, in the United States District Court for the Central District of California, Case No. CV 15-01849 JFW (SP). (Doc. 1.) On March 18, 2015, the matter was transferred to this Court based on a determination that venue for Plaintiff's action properly lies in this judicial district pursuant to 28 U.S.C. § 1391(b). (Doc. 7.)

On April 30, 2015, Plaintiff filed objections, which challenged the basis for granting in forma pauperis status and for screening his complaint. Plaintiff also objected to the change of venue. (Doc. 12.)

On August 21, 2015, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2), and found that it failed to state a cognizable claim for relief. The Court dismissed Plaintiff's complaint with leave to amend within thirty (30) days following service. (Doc. 13.)

In lieu of an amended complaint, on September 28, 2015, Plaintiff filed a motion for reconsideration regarding the transfer of his action to this Court. (Doc. 14.) The Court denied Plaintiff's motion for reconsideration on September 28, 2015. (Doc. 15.) Additionally, the Court informed Plaintiff that if he intended to file an amended complaint, then any such complaint must be filed within twenty-one (21) days following service. Plaintiff was cautioned that if he failed to file an amended complaint consistent with the Court's orders, then this action would be dismissed for failure to obey a court order and for failure to state a claim. (Doc. 15 at 4.)

Plaintiff again has failed to file an amended complaint consistent with this Court's orders. Instead, Plaintiff filed the instant document entitled "NOTICE OF MOTION AND MOTION FOR CLARIFICATION; and Summary Judgment under 28 U.S.C. § 1257(2)." As relief, Plaintiff requests that the Court join this case with his case in the Central District, i.e., the case that was transferred to this Court. Alternatively, Plaintiff appears to ask whether his case may be reviewed by this Court since his underlying state court action has received a final judgment from the California Supreme Court. (Doc. 17 at 10-11.)

Plaintiff's motion is construed as a request for clarification. For the reasons stated below, Plaintiff's motion is DENIED.

**II.   Discussion**

**A.  Review of State Court Action**

According to Plaintiff's motion for clarification, he is attempting to challenge the actions of the Los Angeles Superior Court, the California Court of Appeal and the California Supreme Court in connection with his state court matter identified as Case No. #BC 503053. Plaintiff believes the state courts invaded his federally protected rights and exceeded their authority. (Doc. 17 at 2-4.)

As the Court previously explained to Plaintiff, he may not appeal a decision of the State Superior Court, the California Court of Appeal and/or the California Supreme Court to the federal district court. Pursuant to the *Rooker–Feldman* doctrine, federal courts lack jurisdiction to review or modify state court judgments. *See Rooker v. Fidelity Trust Company*, 263 U.S. 413,

44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). The *Rooker–Feldman* doctrine provides that "lower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments." *Gottfried v. Medical Planning Services*, 142 F.3d 326, 330 (6th Cir.), cert. denied, 525 U.S. 1041, 119 S.Ct. 592, 142 L.Ed.2d 534 (1998).[1] A federal court lacks subject matter jurisdiction to review claims "inextricably intertwined" with final state court decisions, even if such "inextricably intertwined" claims were not raised in state court. *See Feldman*, 460 U.S. at 483–487 and n. 16, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Olson Farms, Inc. v. Barbosa*, 134 F.3d 933, 937 (9th Cir. 1998); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 901 (9th Cir. 2003) ("Stated plainly, *Rooker–Feldman* bars any suit that seeks to disrupt or 'undo' a prior state-court judgment, regardless of whether the state-court proceeding afforded the federal-court plaintiff a full and fair opportunity to litigate her claims.").

Plaintiff's references to the actions of the state courts, along with his query regarding possible review of a final judgment from the California Supreme Court, suggest Plaintiff is improperly seeking review of a state court judgment by this Court.  If that is his intent, then this action must be dismissed for lack of subject matter jurisdiction.  In an abundance of caution, however, Plaintiff will be given a final opportunity to clarify his claims in an amended complaint.

### B.  Pleading Requirements

Plaintiff appears to question the Court's directive that his pro se pleading comply with the dictates of Federal Rule of Civil Procedure 8(a)(2), which requires a short and plain statement of the claim showing that the pleader is entitled to relief.

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121-23 (9th Cir. 2012); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially

---

[1] Plaintiff's own citation to 28 U.S.C. § 1257 confirms that final judgments rendered by the California Supreme Court are reviewable only by the United States Supreme Court.

1  plausible to survive screening, which requires sufficient factual detail to allow the Court to
2  reasonably infer that each named defendant is liable for the misconduct alleged, *Ashcroft v.*
3  *Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted); *Moss v. U.S. Secret Service*, 572
4  F.3d 962, 969 (9th Cir. 2009).  "Although pro se pleadings are held to a less stringent standard
5  than those drafted by lawyers, even a pro se pleading must contain (1) a short and plain statement
6  of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing
7  that the pleader is entitled to relief, and (3) a demand for the relief sought."  *Whitsitt v. City of*
8  *Tracy*, No. CIV S-10-0528 JAM DAD PS, 2011 WL 2470739, *3 (E.D. Cal. Jun. 20, 2011)
9  (internal citations omitted); *see also Gibson v. Chief Medical Officer, C.D.C.R.*, No. 2:09-cv-
10 00230-MSB, 2010 WL 5276995, *3 (E.D. Cal. Dec. 14, 2010) (court acknowledged that pro se
11 pleadings are liberally construed, but must still satisfy the Rule 8 pleading standard requiring a
12 short and plain statement of the claim showing that the pleader is entitled to relief).
13      If Plaintiff elects to file an amended complaint, then any such complaint must comply
14 with the pleading requirements of Rule 8.

### C. Venue

16      Plaintiff again appears to challenge venue in this district.  Plaintiff first claims that
17 defendants waived their right to be sued in this district when they filed their consent to be sued in
18 Los Angeles Superior Court.  Plaintiff believes that this is the same case as that pursued in Los
19 Angeles and that defendants have waived their privilege to be sued at their place of residence.
20 (Doc. 17 at 6-7.)   Contrary to Plaintiff's assertions, this is not the same case.  Instead, the instant
21 matter appears to be challenging a state court action over which this Court lacks subject matter
22 jurisdiction.  Despite this appearance, and as discussed above, Plaintiff will be granted an
23 opportunity to amend his claims.  However, if it appears from any amended complaint that
24 Plaintiff is pursuing an improper review of a state court judgment, this action will be dismissed
25 for lack of subject matter jurisdiction.
26      Plaintiff next asserts that this district is not convenient to his location and that the events
27 giving rise to this action and his personal property are in Los Angeles.  The Court has previously
28 addressed the issue of venue in its order denying reconsideration dated October 1, 2015.

Plaintiff has not presented this Court with any new grounds supporting reconsideration of that order or of the order transferring venue to this court. Fed. R. Civ. P. 60(b); *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law); *United States v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (party seeking reconsideration must show more than a disagreement with the court's decision).

### D.  Statute of Limitations

Plaintiff appears to raise arguments concerning the application of the relevant statute of limitations and any tolling provisions.  (Doc. 17 at 8-9.)  As there is no operative pleading on file, it is unnecessary for the Court to address these arguments at this time.

### E.  Leave to Amend

On August 21, 2015, the Court issued its screening order and granted Plaintiff thirty (30) days from service to file an amended complaint.  Plaintiff was served by mail on the same date.  (Doc. 13.)  Plaintiff now suggests that he requires more than thirty days for reviewing and responding to the Court's screening order.  (Doc. 17 at 10.)  As of the date of this order, however, Plaintiff has had nearly sixty (60) days from service to file an amended complaint, but has failed to do so.  Nonetheless, as Plaintiff is proceeding pro se, he will be given a final extension of time to amend his complaint, and no further extensions of time shall be granted absent a demonstrated showing of good cause.

### III.  Conclusion And Order

For the reasons discussed above, it is HEREBY ORDERED that:

1. Plaintiff's motion for clarification, filed on October 14, 2015, is DENIED;
2. Plaintiff is granted a final extension of time to file an amended complaint consistent with this Court's screening order issued on August 21, 2015;
3. Plaintiff's amended complaint, if any, must be filed within **twenty-one (21) days** following service of this order; and

4. **If Plaintiff fails to file an amended complaint in compliance with this order and the Court's screening order, this action will be dismissed for failure to obey a court order and for failure to state a claim.**

IT IS SO ORDERED.

Dated: __October 20, 2015__                    /s/ *Barbara A. McAuliffe*
                                                              UNITED STATES MAGISTRATE JUDGE