UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL PEREZ,<br><br>               Plaintiff,<br><br>    v.<br><br>LISA A. SMITTCAMP, Acting Fresno County District Attorney, and DOES 1 through 10, inclusive,<br><br>               Defendants. | Case No. 1:15-cv-00432---BAM<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO OBEY A COURT ORDER** |

      Plaintiff Manuel Perez ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, initiated this civil action on March 12, 2015, in the United States District Court for the Central District of California, Case No. CV 15-01849 JFW (SP). (Doc. 1.) On March 18, 2015, the matter was transferred to this Court. (Doc. 7.)

      On August 21, 2015, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2), and determined that he failed to state a claim for relief. The Court dismissed the complaint and granted Plaintiff leave to file a first amended complaint within thirty (30) days following service of the order. Plaintiff was cautioned that if he failed to comply with the order, the action would be dismissed for failure to obey a court order and for failure to state a claim. (Doc. 13.)

      In lieu of an amended complaint, Plaintiff filed a motion for reconsideration on September

1

28, 2015. (Doc. 14.) On October 1, 2015, the Court denied Plaintiff's request for reconsideration and directed Plaintiff to file his amended complaint, if any, within twenty-one (21) days following service. Plaintiff again was cautioned that if he failed to file an amended complaint, the action would be dismissed. (Doc. 15.)

Plaintiff failed to file an amended complaint. Instead, Plaintiff filed a motion for clarification on October 14, 2015. (Doc. 17.) On October 21, 2015, the Court denied the motion and granted Plaintiff a final extension of twenty-one (21) days following service to file his amended complaint. The Court's order included a third warning that Plaintiff's failure to file an amended complaint would result in dismissal of this action. (Doc. 18.) More than twenty-one (21) days have passed since service of the Court's order and Plaintiff has failed to comply.

## DISCUSSION

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules). In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Ghazali*, 46 F.3d at 53; *Ferdik*, 963 F.2d at 1260-61; *Malone*, 833 F.2d at 130; *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal because there is no indication that Plaintiff intends to prosecute this action by way of a first amended complaint. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from any unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424. The Court's orders requiring Plaintiff to file an amended complaint were clear that dismissal would result from non-compliance. (Docs. 13, 15, 18.)

## CONCLUSION AND ORDER

Based on the above, this action is **HEREBY DISMISSED** for Plaintiff's failure to comply with a court order.

IT IS SO ORDERED.

Dated:   **November 23, 2015**          /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE